THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**Michele Vasarely,**

    *Petitioner*,

v.

**United States of America,**

    *Respondent.*

Civil No. 23-mc-00256 (MAJ)

## ORDER

The United States received a Mutual Legal Assistance Treaty ("MLAT") request from France, for certain pieces of art and electronic evidence in Michele Vasarely's ("Petitioner") possession. (**ECF No. 16 at 9**). In granting this request, the United States ("Respondent"), on behalf of the French government, filed an application for a search and seizure warrant pursuant to 18 U.S.C. § 3512 to fulfill its treaty obligations. (**ECF No. 16 at 9**). On April 11, 2023, Respondent, by way of the Federal Bureau of Investigation, executed the warrant and recovered 112 pieces of artwork, as well as electronic evidence from Petitioner's residence. (**ECF No. 16 at 9**).

Thereafter, on May 9, 2023, Petitioner filed a Motion Requesting Return of Seized Property pursuant to the Federal Rules of Criminal Procedure 41(g) ("Rule 41(g)") and requested a hearing on the matter. (**ECF No. 1**). The Court scheduled a two-day hearing beginning on February 28, 2024. (**ECF No. 78**). Before the Court is Respondent's request for clarification as to the *type* of hearing that will be held on said dates. (**ECF No. 60**).

Respondent claims a motion hearing is most appropriate at this time because the Court must first determine whether to exercise its equitable jurisdiction before reaching

the merits of Petitioner's Rule 41(g) motion. (**ECF No. 60**). Thus, Respondent contends that the Court should make a threshold determination regarding its equitable jurisdiction based on the "lengthy evidentiary record" already before it and hold only a motion hearing, as opposed to a more comprehensive evidentiary hearing. (**ECF No. 60**).

Petitioner, on the other hand, is requesting an evidentiary hearing under Rule 41(g), which states in part, "[t]he court must receive evidence on any factual issue necessary to decide the motion."[1] (**ECF No. 71**). In so requesting, Petitioner seeks to introduce witness testimony to support her assertion that "she has no adequate remedy at law and would suffer irreparable harm if the Artwork is shipped to France . . . ." (**ECF No. 71 at 2**).

"Where a Rule 41(g) petition is made by a party against whom no criminal charges have been brought, such a motion is in fact a petition that the Court invoke its civil equitable jurisdiction." *Gulf Coast Pharm. Plus v. United States*, 22-cv-0263, 2023 WL 3099873, at *3 (S.D. Miss. Apr. 26, 2023); *Matter of Ninety-One Thousand Dollars in U.S. Currency*, 715 F. Supp. 423, 427 (D.R.I. 1989) ("[F]ederal courts have variously found the authority to hear pre-indictment motions for return of property not only in the statutory grant of jurisdiction embodied in Rule 41(e)[2] but also in the longstanding, non-statutory doctrine of equitable or 'anomalous' jurisdiction . . . ."). Notably, a district court

---

[1] However, even if the Court were to reach the merits of the Rule 41(g) motion, an evidentiary hearing is not mandatory. *U.S. v. Cardona-Sandoval*, 518 F.3d 13, 16 (1st Cir. 2008) (with regards to a Rule 41(g) motion, "[w]e have not held and do not now hold that an evidentiary hearing is necessary. Affidavits or documentary evidence, such as chain of custody records, may suffice to support the district court's determination in a given case. But an evidentiary determination is necessary to ensure that there is sufficient evidence to support the court's decision.").

[2] After the 2002 amendments to Rule 41, "[w]hat was formerly Rule 41(e) is now found at Rule 41(g) with minor stylistic changes." *Cardona-Sandoval*, 518 F.3d at 17.

must exercise "caution and restraint" before exercising its equitable jurisdiction. 3A Charles A. Wright *et al.*, Federal Practice and Procedure § 690 (4th ed. 2008).

To prevent district courts from exercising their equitable jurisdiction too liberally, many Circuits follow the test set out by the Fifth Circuit in *Richey v. Smith*. 515 F.2d 1239, 1243 (5th Cir. 1975). *See e.g., Lindell v. United States*, 82 F.4th 614, 619 (8th Cir. 2023); *Trump v. United States*, 54 F.4th 689, 697 (11th Cir. 2022); *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).

In *Richey*, the Fifth Circuit lists four factors a district court should consider in deciding whether to exercise its equitable jurisdiction over a Rule 41(g) motion. 515 F.2d 1239 at 1243. These factors are:

> 1) whether the Government displayed a callous disregard for the constitutional rights of the movant; 2) whether the movant has an individual interest in and need for the property he wants returned; 3) whether the movant would be irreparably injured by denying return of the property; and 4) whether the movant has an adequate remedy at law for the redress of his grievance.[3]

*Trump v. United States*, 54 F.4th 689, 697 (11th Cir. 2022) (citing *Richey*, 515 F.3d at 1243-44).

Neither party disputes that the Court would need to exercise its equitable jurisdiction to reach the merits of Petitioner's Rule 41(g) motion. (**ECF No. 60 at 2**); (**ECF No. 71 at 8**). The parties do dispute, however, whether the Court should do so.

---

[3] The First Circuit does reference the concept of "anomalous jurisdiction" with regards to a pre-indictment motion for return of seized property in *In re Worksite Inspection of Quality Prod., Inc.*, 592 F.2d 611, 614 (1st Cir. 1979). The exercise of "anomalous jurisdiction" requires a district court evaluate the same factors as the *Richey* test, with the exception of the second, whether the movant has an individual interest in and need for the property he wants returned. *Id.* at 616. Thereafter, the First Circuit in *Angel-Torres v. United States*, stated that a "district court's decision to grant or deny a pre-indictment Rule 41([g]) motion for return of property properly turns on *equitable considerations* . . . ." 712 F.2d 717, 720 (1st Cir. 1983) (emphasis added). There, the First Circuit evaluated whether the petitioner had an adequate remedy at law, a need for the items seized, the harm faced, and the constitutionality of the seizure. *Id.* Thus, the *Richey* factors, or equitable considerations, are one in the same.

Accordingly, **the upcoming hearing shall be limited exclusively to resolving the dispute as to the Court's equitable jurisdiction**.

Simply put, until the threshold determination of whether to exercise equitable jurisdiction is made, the Court cannot reach the merits of the Rule 41(g) motion. Thus, Petitioner's reference to Rule 41(g)'s requirement that the Court *must* receive evidence on any factual issue necessary to decide the motion is premature, given the Court is not yet in the position to evaluate the merits of Petitioner's 41(g) motion. *See In re Grand Jury Subpoena Duces Tecum*, 345 F. App'x 288, 289 (9th Cir. 2009) ("The witness did not proffer expected testimony that would have been relevant to the *Ramsden* [citing *Richey*] factors. The case cited by the witness, *United States v. Martinson,* 809 F.2d 1364 (9th Cir. 1987), is inapposite because it concerns the *merits* of a motion for return of property, which the district court would only reach after deciding under *Ramsden* to exercise equitable jurisdiction.") (emphasis in original).

Nevertheless, in order to fully satisfy itself on this question, the Court will allow the parties to introduce evidence at the hearing but limited to the issue of equitable jurisdiction. Thus, the parties are confined to the four factors outlined in the *Richey* test in furnishing evidence they deem will aid the Court in making its determination.[4] *Richey*, 515 F.2d at 1244 ("After receiving evidence regarding the seizure of the [the plaintiffs'] records[,] the district court can decide whether to exercise its anomalous [—or equitable—] jurisdiction over the suit for return of property in light [] of this opinion . . ..").

---

[4] The Court will presume for purposes of this analysis that Petitioner has at the very least, a possessory interest in the property. *See Richey,* 515 F.2d at 1243 (whether Petitioner has an individual interest in the property she wants returned). Petitioner need not therefore, present evidence as to her purported ownership over the property.

Accordingly, Petitioner's request for an evidentiary hearing is **GRANTED IN PART**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of January 2024.

<u>*s/ María Antongiorgi-Jordán*</u>
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**